## No. 16,951.

FISHMAN ET AL. *v.* TUPPS, MAYOR ET AL.

(257 P. [2d] 579)

Decided May 11, 1953.

Mr. IRVING I. OXMAN, Mr. GEORGE K. THOMAS, for plaintiffs in error.

Mr. LESLIE A. GIFFORD, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error Fishman, alleging ownership of a trailer camp at the Santa Rosa Court, 11817 East Colfax avenue, Aurora, Colorado, filed a petition in mandamus on January 7, 1952, to compel defendants, as members of the city council of Aurora, to reinstate the trailer camp license forthwith (a petition for which had been rejected), and that upon compliance with the Aurora city ordinances pertinent thereto, that he be permitted to use and operate the premises as a trailer camp. Developments at the hearing necessitated the making of his sister, Dorothy Weiss, the other plaintiff in error, a party to the proceeding.

On February 20, 1952, defendants filed their answer, admitting the rejection of petitioner's application, and otherwise a general denial; and as an affirmative defense, they pleaded abandonment by plaintiffs of a nonconforming use and a reversion under the zoning ordinance by reason of an ordinance abolishing trailer camps in Aurora. Plaintiffs replied on March 13, and stated that the use of the premises was discontinued on or about October 12, 1947 in response to an eviction order from the city authorities; they further alleged that said order was illegal, because it was issued arbitrarily without due process of law, and without a hearing; that under such duress, plaintiff was compelled to discontinue and abandon the use of his property as a trailer court.

On trial to the court on June 11, 1952, the court found that the zoning ordinance of the City of Aurora is not unconstitutional as a deprivation of property without due process; that the plaintiff discontinued the use of his property as a trailer court in October, 1947 for a period of four years; that he has abandoned the nonconforming use of the property and thereby lost all right of continuance of such nonconforming use, and

for these reasons, the peremptory writ was dismissed. This judgment of dismissal is now before us for review.

In sum, the contention of plaintiffs in error is to the effect that there was not a voluntary abandonment of the use of the premises as a trailer camp; but that it was discontinued in compliance with an eviction order, and they insist that the burden of proof of abandonment is on the city.

The factual basis of this litigation is substantially as follows: Prior to October 1, 1947, the premises were used for the operation of a trailer park or camp; about a year prior to that time, and on September 9, 1946, the city council of Aurora passed and adopted an ordinance entitled "The Trailer Ordinance," which regulated and licensed the maintenance and conduct of trailer parks and trailer coaches within the city. About a month later, on October 18, 1946, the city council passed and adopted an amendment to the existing zoning ordinance of the city, which ordinance deleted the words "and trailer camps" from the permissive uses in a C-2 commercial district within the city, and thereafter any such use of land in a C-2 district became a "nonconforming use." A city ordinance was introduced in evidence which provides, inter alia, "The lawful use of land or buildings existing at the time of the passing of this ordinance, although such use does not conform to the provisions hereof, may be continued, but if such nonconforming use is discontinued, any further use of such premises shall be in conformity with the provision of this ordinance * * *." Another ordinance concerning nonconforming uses provided, "The nonconforming use of land where no building of more than $250.00 assessed valuation is in existence at the time of the passage of this ordinance shall revert to a use conforming with this ordinance within a period of five years after the passage of this ordinance for residential use, and three years for commercial use." It is apparent that in January of 1947, plaintiffs were

operating the premises as a trailer camp without complying with the requirements of the then trailer camp ordinance. Beginning on January 8, 1947, the city served plaintiffs with notice to comply with the requirements, with the recommendation of dispensing with trailer camps within ninety days. The time for compliance or closing was extended at various times, and upon ten notices during the period from January 8, 1947 to October 1, 1947, allowing plaintiffs full opportunity to comply with the ordinance by making certain improvements and connections, which they wholly failed to do. As stated by plaintiff Fishman, the bids they had for making the necessary improvements in order to comply would run around $4,000.00, and they did not have the money. The following appears from the testimony of plaintiff Dorothy Weiss on cross-examination: "Q. If you had complied with the notice given you in 1946 you could still be in operation today? A. If I could have afforded it, yes." Failing to comply with the requirements of the many notices given them by the city, the trailer camp closed and discontinued operations as of October 1, 1947, the date of the last notice.

Four years later, on about October 15, 1951, plaintiff Fishman applied to the city clerk for a trailer park license. This application was referred to the city council for action, and after investigation, the application was rejected on the basis of the discontinuance of a nonconforming use for a period in excess of four years.

■ The extraordinary writ sought in this case issues only in cases where there is a clear legal duty to act in the manner sought to be compelled. The writ does not issue in cases where the claimed right is doubtful or is a qualified one. There is no question but on the face of the situation before us, the right plaintiffs sought to have enforced was a doubtful right and surely not such a clear and certain right as would entitle them to a writ of mandamus.

■ ■ On the facts, plaintiffs cannot be heard to

complain of their inability to comply with valid ordinances of the city which are constitutional and a valid exercise of the police power, and particularly in a situation involving the regulation of trailer camps within certain areas of the city limits, because such regulation has a direct relation to public health, safety, morals and welfare. In such regulation, a legitimate field is afforded for the exercise of a police power. It is not a deprivation of the use of private property such as would offend against the constitutional protection, because he is not deprived of its use. A condition is put on its use which is of importance to the community and area where it is located; he may use it for the purposes indicated in the area of its location; and to require its use in such manner as not to be detrimental to the community or public is not an unreasonable or unconstitutional requirement. The interest of the individual and his property rights are subject and subordinate to the public welfare. So long as the regulations are not discriminatory, they are valid, even though they may have an adverse effect upon some private property and its uses.

It is to be noted that the zoning ordinance provides for cases of "discontinuance" of nonconforming use and there is no provision concerning "abandonment" as counsel for plaintiffs contends. Strictly speaking, the question of abandonment, in its true sense, is not applicable to the situation here. Because of their failure to conform to the regulatory requirements of the trailer ordinance, it was a matter of their own control as to whether they would continue or not, and being unable to comply, a "discontinuance" as provided by the statute obtained. They have not attacked the validity of the ordinance, which makes such requirements, in fact, it would not seem they could do so successfully. It was a lawful regulation which was visited on all other trailer camp operators in the area involved, and since these plaintiffs were given extensions of time, consuming

the period of nearly one year, in which they could have protected themselves and continued with a nonconforming use, and did not do so, it is their misfortune and not the fault of the city.

The judgment of the trial court was right, and therefore is affirmed.